UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON J. PALACIO MONCADA et al., <br><br>                      Plaintiffs, <br><br> -v.- <br><br> MARC A. RIOPEL et al., <br><br>                      Defendants. | 24 Civ. 06750 (JHR) <br><br> ORDER |

JENNIFER H. REARDEN, District Judge:

      This case arises out of a January 26, 2024 motor vehicle accident on the Long Island Expressway in Queens, New York. *See* ECF No. 1-1 (Compl.) ¶¶ 31-37. On June 17, 2024, Plaintiffs Leon J. Palacio Moncada, Jennifer Bueno, Sergio E. Chicaguala, and Betty J. Bueno Vargas commenced an action against Defendants Marc. A. Riopel and National Freight, Inc. in the Supreme Court of the State of New York, County of Queens. *See id.* ¶ 1. On September 5, 2024, Defendants removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1 at 1.

      "Defendants improperly removed this case to the United States District Court for the Southern District of New York, as cases may be removed from state court only to the federal district court . . . for the district and division embracing the place where such action is pending." *Mitchell v. BJs Wholesale Club*, No. 23 Civ. 724 (KPF), 2023 WL 1438719, at *1 (S.D.N.Y. Feb. 1, 2023) (quoting *Jackson v. City of New York*, No. 07 Civ. 519 (ILG) (RER), 2007 WL 1871511, at *1 (E.D.N.Y. June 28, 2007)) (cleaned up); *cf. Bank of N.Y. Mellon v. Thurairaj*, No. 18 Civ. 9823 (CS) (S.D.N.Y. Oct. 25, 2018). Here, prior to removal, the underlying action was pending in the Supreme Court of the State of New York, County of Queens. *See* ECF No. 1. That court is located within the Eastern District of New York. *See* 28 U.S.C. § 112(c) ("The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk[.]").

Thus, the United States District of Court for the Eastern District of New York is the proper court for removal.

"'[R]emoval of an action to an improper district is not a jurisdictional defect, but is akin to an improper venue situation.'" *Mitchell*, 2023 WL 1438719, at *1 (quoting *Jackson*, 2007 WL 1871511, at *1). "An improper designation of venue may be remedied by transferring the action to the proper district." *St. Paul Fire & Marine Ins., Co. v. Architron Designers and Builders, Inc.*, No. 05 Civ. 1872, 2007 WL 757910, at *1 (E.D.N.Y. Mar. 8, 2007); *see also Mitchell*, 2023 WL 1438719, at *1 (*sua sponte* transferring improperly removed case to the Eastern District of New York). "A transfer under § 1406(a) may be made upon a motion or by a court *sua sponte*." *Reed v. Pfizer, Inc.*, 2022 WL 16857316, at *2 (E.D.N.Y. Sept. 28, 2022) (transferring case *sua sponte*). Accordingly, the Court hereby transfers this case to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1406(a).

The Clerk of Court is directed to remove this case from this Court's docket and transfer it to the United States District Court for the Eastern District of New York.

SO ORDERED.

Dated: September 23, 2024
      New York, New York

*[signature: Jennifer H. Rearden]*
JENNIFER H. REARDEN
United States District Judge